### In re NATIONAL PUBLIC SERVICE CORPORATION.

No. 54710.

District Court, S. D. New York.

May 10, 1933.

Cotton, Franklin, Wright & Gordon, of New York City (Edward L. Williams, Paxton Blair, and F. M. Eaton, all of New York City, of counsel), for the Irving Trust Co.

Zabriskie, Sage, Gray & Todd, of New York City (Melber Chambers and Charles Kritzman, both of New York City, of counsel), for New York Trust Co.

WOOLSEY, District Judge.

The petition to review is denied and the order of the referee is affirmed and approved.

I. The New York Trust Company has by written stipulation consented to summary jurisdiction in this matter before the referee and has thus most commendably obviated a long delay in the disposition of this controversy.

The only question before me, therefore, is the correctness of the decision of the referee.

II. The petition of the trustee in bankruptcy against the New York Trust Company is in effect a suit to recover from the New York Trust Company, as trustee under an indenture dated February 1, 1928, securing debentures issued by the bankrupt, hereinafter referred to as the obligor, certain moneys which were paid over between August 1, 1928, and February 1, 1932, to it as such indenture trustee to meet the coupon interest of debentures falling due semiannually on February 1st and August 1st of each year and which are still in the indenture trustee's hands because the coupons representing the sum now sought to be recovered have not yet been presented for payment.

III. Certainly, unless an intention so to do appeared clearly from the indenture, it would be unthinkable on the bankruptcy of the obligor, that the indenture trustee should turn back to general creditors, moneys which have been segregated and dedicated, under the circumstances here shown, to the liquidation of the obligor's secured contracts of indebtedness.

The indenture which is the control document herein, I think shows the contrary intention.

IV. The indenture, of which a copy is attached to the petition, and in which the obligor is referred to as the company, provides in article 17, section 5, page 99, so far as is here relevant, as follows:

"Section 5. * * * In the event that any coupon shall not be presented for payment at the due date thereof, the Company, having deposited with the Trustee, in trust for the purpose, or left with it if previously so deposited, funds sufficient * * * to pay such coupon, * * * for the use and benefit of the holder thereof—then and in every such case, interest * * * on said overdue coupon, and all liability of the Company * * * to the holder of said overdue coupon for the payment thereof and interest thereon * * * shall forthwith cease, determine and be completely discharged; and thereupon it shall be the duty of the Trustee to hold the funds, so deposited, for the benefit of the holder of such * * * overdue coupon, * * * who shall thereafter, so long as the funds deposited or left on deposit for the payment thereof shall remain on deposit with the Trustee, be restricted exclusively to said funds for any claim of whatsoever nature on the part of such holder under this Indenture * * *, or on said overdue coupon."

"In case the holder of any such * * * coupon shall not, within six years after such deposit claim the amount deposited as above stated, for the payment thereof, the Trustee shall, upon demand, pay over to the Company such amount so deposited, if the Company is not at the time in default hereunder; and the Trustee shall thereupon be relieved of all responsibility to the holder thereof, and in the event of such payment to the Company the holder of any such * * * coupon shall be deemed to be an unsecured creditor of the Company for an amount equivalent to the amount deposited as above stated for the payment thereof and so paid over to the Company. The Trustee may, however, prior to such payment to the Company publish notice of intention so to do once in each of four successive calendar weeks in a daily newspaper of general circulation published in the Borough of Manhattan, City of New York."

V. A waiver of the provisions of the indenture could not properly be achieved by the acts of any employees of the obligor and the indenture trustee. Indeed, in view of the third party interest involved, I do not think that any corporate acts of the obligor and said trustee could, without consent of such third party interest, properly waive or change such provisions. But any question of waiver is eliminated herein for the petition shows that the provisions of the indenture were strictly followed by the parties.

Paragraphs 16 and 17 of the petition set forth the observance of the quoted clause as follows:

"16. Neither at the time of the transmission of the checks, copies of which are annexed hereto, nor at any time thereafter, were the sums which were remitted by National Public Service Corporation to The New York Trust Company for the payment of coupons entered upon the books of National Public Service Corporation either on the asset side, as a deposit on hand with The New York Trust Company, or on the liability side, as an obligation to the holders of said coupons.

"17. Upon information and belief, the moneys upon transmission to The New York Trust Company, were entered by The New York Trust Company in a separate, non-interest-bearing account upon its coupon ledger; The New York Trust Company did not treat the funds as a general deposit to the account of National Public Service Corpora-

tion, nor did it permit that corporation to draw upon the funds by check or otherwise."

I think, consequently, that the admitted circumstances here clearly show an intention to create a trust as to these coupon moneys and that the situation falls within the principles laid down in Steel Cities Chemical Company v. Virginia-Carolina Chemical Company, 7 F.(2d) 280 (C. C. A. 2).

VI. It seems to me abundantly clear, therefore, that it could not be supposed for one moment, that, if, at the present time, the New York Trust Company as trustee under the indenture should be faced with two claims for these moneys, namely, a claim by a holder of overdue coupons on the one hand, and this claim of the trustee in bankruptcy on the other, and, in order to save itself the possible risk of double liability, should interplead the two claimants, any court would hold on the documents here that the trustee in bankruptcy was entitled to recapture the moneys which are the subject of this controversy.

VII. Furthermore, there are these two additional considerations which should be borne in mind as showing that, as a matter of contract law, the petition, read with its annexed schedules, is not now maintainable, because—

A. It is clear that the claim of the trustee in bankruptcy in this matter is barred by the provisions of the clause above quoted for the conclusive reason that the bankrupt, the obligor on the indenture, is now in default under the indenture by reason of its failure to pay to the trustee thereunder the coupon interest due August 1, 1932, and February 1, 1933; and

B. Even if this were not the case, the claim of the trustee in bankruptcy would have to be abated, on the ground that this petition was prematurely filed because at the time of its filing six years had not elapsed since July 30, 1928, the date of the payment to the trustee under the indenture of the earliest coupon money now sought to be recovered.

Settle order on notice, unless agreed.